UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Durham Division

Civil Action No. 1:04CV00004

AVA V. HINTON, )
 )
      Plaintiff, )
 )
v. ) **DEFENDANT CITY OF DURHAM'S**
 ) **BRIEF IN RESPONSE TO**
MARCIA CONNER, Individually and ) **PLAINTIFF'S MOTION TO**
as City Manager for the City of Durham; ) **COMPEL DISCOVERY**
CHARLENE MONTFORD, Individually )
and as Director of the Department )
of Housing and Community Development )
for the City of Durham, and the )
CITY OF DURHAM, )
 )
      Defendants. )

---

Pursuant to F. R. Civ. Proc. Rule 37 and L.R. 7.3 and 26.1, M.D.N.C., Defendant City of Durham ("the City") responds to Plaintiff's Motion to Compel Discovery dated October 29, 2004.

## MATTER BEFORE THE COURT

Plaintiff served a Motion to Compel Discovery on October 29, 2004. Plaintiff seeks an Order requiring the City to produce "All 'technical review' documents for disciplinary actions against City employees from January 1, 1999 to present." Plaintiff's Fourth Request for Production, August 27, 2004, Request No. 53. The City objected to Plaintiff's Request No. 53 as "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Responses to Plaintiff's Fourth Request for Production of Documents to Defendant City of Durham,

September 28, 2004. In support of its objection and in opposition to Plaintiff's Motion to Compel, the City submits the Affidavit of Alethea C. Bell, the City's Director of Human Resources, and pages 82-99 of Bell's deposition in this case.

## STATEMENT OF FACTS

In this employment discrimination action filed under 42 U.S.C. § 1983 and North Carolina common law, Plaintiff asserts that her employment was terminated in July 2003 in retaliation for providing truthful information to Defendant Charlene Montford about mismanagement of federally-funded programs in the City Department of Housing and Community Development in 2000 and 2001. Defendants deny any unlawful retaliation and contend that Plaintiff's employment was terminated because she approved an expenditure of U.S. Department of Housing and Urban Development block grant funds to pay for improvements to a home in which Plaintiff owned an undivided one-half interest and in which Plaintiff's mother resided, in violation of HUD regulations concerning conflicts of interest in program administration.

The decision to terminate Plaintiff's employment in July 2003, following the discovery that she had authorized payment of federal grant funds to "weatherize" her mother's home, was initially made by Montford, the Director of the City's Department of Housing and Community Development. Montford consulted with Human Resources Director Bell regarding the proposed termination, and Bell agreed that termination would be appropriate under the City's employee disciplinary policy. Bell Aff. § 6. Bell and Montford completed and signed a City form called "Technical Review - Disciplinary Action" indicating that the decision to terminate Plaintiff's employment had been reviewed with a representative of the Human Resources Department. Bell Aff. Ex. A.

The Technical Review forms are used to notify Human Resources of proposed disciplinary action against a City employee for any offense for which action more serious than an oral warning is proposed. The purpose of the Technical Review form is to permit review by Human Resources staff to assure that action taken by a supervisor against an employee complies with the City's employee disciplinary policy and is generally consistent with the application of the policy in similar cases. The Technical Review documents do not record the final disciplinary action taken in any particular case. Bell Aff. §§ 6-8.

Bell testified at her deposition that the purpose of a "consistency" review by Human Resources is to let department directors or supervisors know what the particular incident normally nets the employee in terms of discipline (e.g., driving a City vehicle to an unauthorized location) (Bell Dep. 95-96), but that in the case of the Plaintiff's violation of HUD regulations "We didn't have any similar circumstance to compare to." (Bell Dep. 98) Bell testified from personal knowledge and from review of the City's Disciplinary Log that "We have not had, in at least a year past for sure, maybe longer, anyone who violated or allegedly violated a federal regulation with regard to a relative." (Bell Dep. 99)

In Request for Production No. 53, Plaintiff seeks production of all Technical Review forms from January 1, 1999 to present. The Bell Affidavit shows that Technical Review forms for the calendar years 2003-04 are maintained in current files and that older records going back to 2000 are maintained in mixed archive files and would require a substantial investment of time and effort to locate and identify for production.

## ARGUMENT

<u>Plaintiff's Request for Technical Review Forms for disciplinary action against City employees from January 1, 1999 to the present is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.</u>

Plaintiff was fired after it was discovered that she had approved an expenditure of federal funds to improve her mother's home. There is no evidence that Montford, Bell or anyone else actually examined Technical Review forms pertaining to other employees in order to arrive at the conclusion that termination was an appropriate disciplinary action in response to Plaintiff's violation of the HUD conflict of interest regulation.

There is no showing that any other City employee has committed a comparable violation of federal regulations in the course of performance of duties of employment with the City as a basis for comparison for purposes of Plaintiff's alleged "disparate treatment" claim. Plaintiff's claims that other employees have committed "worse" offenses consist of factually distinguishable cases (e.g., solicitation of an undercover police officer posing as a prostitute during the work day) or hearsay and rumor without substantiation in the discovery record (e.g., Montford's alleged "misuse" of City funds to reimburse a homeowner for damage to personal property during a home rehabilitation project, which did not lead to disciplinary action against Montford or any other City employee). Whether Plaintiff's value judgment that one or more of these alleged offenses is "worse" than her own offense is debatable; whether these allegedly "comparable" situations are factually dissimilar to Plaintiff's case is without question.

Plaintiff has failed to demonstrate that the Technical Review documents pertaining to employees other than herself have direct relevance to the decision made to terminate her employment

or that there is a reasonable likelihood that such records will demonstrate actual evidence of disparate treatment of truly comparable employees.

While unnecessary discovery limitations should be avoided in discrimination cases, the scope of discovery in such cases is not unlimited. A vague possibility that loose and sweeping discovery might turn up something suggesting a discriminatory motivation does not show a particularized need and likely relevance of the information sought. A trial court should not permit "fishing expeditions" conducted by plaintiffs, even in a discrimination case. In a disparate treatment case, discovery should be "reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." Rodger v. Electronic Data Systems Corp., 155 FRD 537 (E.D.N.C. 1994) (quoting Hardrick v. Legal Services Corp., 96 F.R.D. 671, 618019 (D.D.C. 1983)).

As the Bell Affidavit shows, Technical Review forms are required by the City for any proposed disciplinary action more serious than a verbal warning. Plaintiff's demand for all such records from 1999-2004 is calculated to capture information of widely disparate circumstances concerning employees and supervisors throughout City government, completely unrelated to the specifics of Plaintiff's employment and/or Defendants' alleged discriminatory motives. Request No. 53 is overbroad as to scope.

The temporal period for which production of records is sought includes times before and after the two alleged wrongdoers in this case, Montford and Conner, were employed by the City. Montford was Housing Director from September 2000 to January 2004. (Montford Dep. Vol I 18, 27) Conner was City Manager from July 2001 to August 2004. (Conner Dep. Vol I 7, Vol. II 10) Request No. 53 is overbroad as to time.

NGHK: 208372.1

The Technical Review forms record a supervisor's proposed action and the Human Resources Department's reaction to that proposal. They do not record the final disciplinary action taken by the supervisor following review by Human Resources, and do not take into account any subsequent review (via the City's grievance process or otherwise) of the supervisor's decision, and thus will not demonstrate a final outcome which could or might be compared to Plaintiff's termination. Bell Aff. § 8. Request No. 53 is not reasonably calculated to lead to the discovery of admissible evidence.

The Technical Review forms sought by Plaintiff are not conveniently available and would require considerable City staff time to locate and identify (in addition to the legal expense associated with production of the documents once they are located). Where the benefit of information requested in discovery is outweighed by the burden or expense associated with its production, the Court should deny a motion to compel production. 7 *Moore's Federal Practice* §37.22[2][d]. In this case, the burden associated with production of the documents is disproportionate to the extremely tenuous relevancy of any information likely to be disclosed in the Technical Review forms.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Compel Discovery.

Respectfully submitted this the _10_ day of November, 2004.

                        KENNON, CRAVER, BELO,
                        CRAIG & McKEE, PLLC

By: _____
     Joel M. Craig
     North Carolina State Bar No. 9179
     Attorneys for Defendants
     4011 University Drive, Suite 300
     P. O. Box 51579
     Durham, NC 27717-1579
     (919) 490-0500

NGHK: 208372.1

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing Brief in Opposition to Plaintiff's Motion to Compel Discovery was served on the following parties to this action, pursuant to Rule 5 of the Rules of Civil Procedure, by:

[ ] hand delivery

[ ] telecopier

[X] depositing a copy of same in the United States mail, postage prepaid and addressed to:

> Stewart W. Fisher
> Glenn, Mills & Fisher, P.A.
> P.O. Drawer 3865
> Durham, NC 27702-3865

This the 10 day of November, 2004.

> KENNON, CRAVER, BELO,
> CRAIG & McKEE, PLLC
>
> By: _____
> Joel M. Craig
> North Carolina State Bar No. 9179
> Attorneys for Defendants
> 4011 University Drive, Suite 300
> P. O. Box 51579
> Durham, NC 27717-1579
> (919) 490-0500

NGHK: 208372.1